DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

|  |  |
|---|---|
| CARLOS A. SANCHEZ, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2012-0072 |
| ) | |
| ROBERT BUMANN, M.D., ) | |
| ) | |
| Defendant. ) | |

**Attorneys:**
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I.
  *For the Plaintiff*

**Charles E. Engeman, Esq.,**
St. Thomas, U.S.V.I.
  *For the Defendant*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendant Robert Bumann's "Motion to Dismiss and Strike." (Dkt. No. 6). For the following reasons, the Court will grant in part and deny in part the Motion to Dismiss and will deny the Motion to Strike. Specifically, the Court will grant the Motion to Dismiss, without prejudice, as to paragraph seventeen of the Complaint.

### I.  BACKGROUND

Plaintiff Carlos Sanchez, M.D., obtained employment in March 2010 as an anesthesiologist at Juan F. Luis Hospital ("JFL Hospital") in St. Croix, Virgin Islands, after contacting Defendant Robert Bumann, M.D., who was also an anesthesiologist at the hospital. (Dkt. No. 1 at ¶¶ 2-5). Plaintiff alleges that Defendant engaged in improper professional

1

practices and inappropriate conduct such that, in May 2012, Plaintiff reported Defendant's behavior to the hospital. (*Id.* at ¶¶ 6-10). Plaintiff contends that, in retaliation, Defendant "began a concerted defamatory campaign" to get Plaintiff fired, including: (1) falsely reporting to the hospital that Plaintiff had a drug problem; (2) falsely reporting to the American Board of Anesthesiology ("AMA") that Plaintiff was diverting narcotics; (3) making false representations to the head of anesthesiology at a St. Thomas hospital to prevent Plaintiff from transferring there; (4) falsely accusing Plaintiff of making threats against him to the Medical Staff President at JFL Hospital; and (5) falsely claiming in a letter to the Medical Staff President that Plaintiff had abandoned his position and was incompetent. (*Id.* at ¶¶ 12-14, 17, 21-22). In his Complaint, Plaintiff asserts one count of defamation and one count of intentional infliction of emotional distress against Defendant. (*Id.* at ¶¶ 26, 29).

Defendant filed the instant Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that: (1) Defendant's statements and writings are absolutely privileged because Defendant was required to report Plaintiff's misconduct; and (2) one of Plaintiff's allegations lacks the requisite specificity to state a plausible claim for relief. (Dkt. No. 6 at 4-11). Defendant also seeks to strike paragraph eight of the Complaint, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, on the grounds that Plaintiff's allegation that Defendant had an extramarital affair with a nurse is scandalous and immaterial. (*Id.* at 10).

The Court finds that: Defendant has failed to establish an absolute privilege covering his statements; Plaintiff has insufficiently pleaded a claim for defamation in paragraph seventeen of his Complaint; and the allegation regarding an extramarital affair is not immaterial or scandalous within the meaning of Rule 12(f).

## II. DISCUSSION

### A. Motion to Dismiss

#### 1. Applicable Legal Standards

In considering whether to grant a Rule 12(b)(6) motion to dismiss, the Court conducts its analysis under the guidance of the Supreme Court decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive dismissal, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint "attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's [Rule 8] obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 553). "This standard 'demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Lawal v. McDonald*, 546 F. App'x 107, 110 (3d Cir. Feb. 26, 2014) (quoting *Iqbal*, 556 U.S. at 678).

In its analysis, a court must: (1) take note of the elements a plaintiff must plead to state a claim; (2) set aside "unsupported conclusions and unwarranted inferences" and "legal conclusion[s] couched as factual allegation[s]"; and, (3) where there are "well-pleaded factual allegations, . . . assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010); *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007). A court must construe the complaint in the light most favorable to the nonmoving party but, where there is a factual dispute, may not resolve it. *Flora v. Cnty. of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015).

3

To decide a motion to dismiss without converting it to a motion for summary judgment, a court generally should consider only the allegations in the complaint, as well as "documents that are attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006); *see Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (a court may consider "undisputedly authentic documents if the complainant's claims are based upon these documents"). "Public record[s]" in this context are "materials like decision letters of government agencies and published reports of administrative bodies." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.*, 998 F.2d 1192, 1197 (3d Cir. 1993)). "[A]n affirmative defense will serve as grounds for a Rule 12(b)(6) dismissal *only if* the basis for the defense is evident on the face of the complaint" or from the sources which may properly be considered. *Brody v. Hankin*, 145 F. App'x 768, 771 (3d Cir. 2005) (citing *Rycoline Prods. v. C&W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997)).

Under Virgin Islands law, a plausible claim for defamation requires that a plaintiff plead facts which establish four elements: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. *Chapman v. Cornwall*, 58 V.I. 431, 2013 WL 2145092, at *6 (V.I. May 15, 2013) (citing *Kendall v. Daily News Publ'g Co.*, 55 V.I. 781, 787 (V.I. 2011) (quoting Restatement (Second) of Torts § 558), *aff'd*, 716 F.3d 82 (3d Cir. 2013)). The Supreme Court of the Virgin Islands "has adopted [these] basic elements for a claim

of defamation [as] set forth in the Second Restatement of Torts." *Joseph v. Daily News Publ'g Co.*, 57 V.I. 566, 2012 WL 5419155, at *7 (V.I. Oct. 31, 2012) (citing *Kendall*, 55 V.I. at 787).

In the instant Motion, Defendant has challenged Plaintiff's defamation claim only on the grounds of absolute privilege and the specificity of one statement. Accordingly, the Court will limit its analysis of Plaintiff's defamation claim to the grounds raised by Defendant.

### 2. Unprivileged Publication

Relying on Section 592A of the Second Restatement of Torts, the Virgin Islands Supreme Court recognizes an absolute privilege to make statements containing defamatory matter if the publisher is required by law to make them. *See Joseph*, 2012 WL 5419155, at *7 (citing Restatement (Second) of Torts § 592A ("One who is required by law to publish defamatory matter is absolutely privileged to publish it.")). Defendant carries the burden of proving "the presence of the circumstances necessary for the existence of a privilege to publish the defamatory communication." *Thomas v. Nicholson*, 21 V.I. 561, 1985 WL 1177632, at *4 n.3 (V.I. Terr. Ct. Sept. 20, 1985) (citing Restatement (Second) of Torts § 613(2)).

When applying Section 592A, courts look to federal and state laws and regulations to determine whether a defendant was "required by law" to make the statements in question. *See, e.g.*, *Zoe v. Impact Systems, Inc.*, 2009 WL 275181, at *4-5 (E.D. Pa. Feb. 4, 2009) (because administrative code required operators of community home licensed by Department of Public Welfare to report allegations of abuse of a resident to a county office and agency, allegedly defamatory statements were subject to absolute privilege and thus subject to dismissal for failure to state a claim); *Cucinotta v. Deloitte & Touche, LLP*, 302 P.3d 1099, 1101-02 (Nev. 2013) (holding that communications containing information about alleged illegal acts by consulting firm were subject to absolute privilege because Securities Exchange Act of 1934 compelled such communication); *Hill v. Ky. Lottery Corp.*, 327 S.W.3d 412, 425 (Ky. 2010) (holding that parties

responsible for complying with state Open Records Act cannot be held liable for releasing embarrassing or humiliating information prepared in the regular course of business, and therefore claims based on such communications must be dismissed as a matter of law).

Defendant allegedly made defamatory statements to: supervising authorities at JFL Hospital; the AMA; and the head of anesthesiology at a St. Thomas hospital, in connection with Plaintiff's potential employment there. (Dkt. No. 1 at ¶¶ 12-14, 17, 21-22). Defendant argues that the bylaws of JFL Hospital carry the force of law, and that they require him, as Chief of Anesthesiology, when necessary, to "recommend to the [Medical Executive Committee ("MEC")] corrective action" regarding health care providers and to "report regularly" to the MEC regarding the "professional performance" of providers. (Dkt. No. 6 at 4-5). Defendant also relies on the AMA Code of Medical Ethics to argue that he was obligated to make the challenged statements. (*Id.* at 3).

Defendant's claim of absolute privilege is without merit because he has failed to identify any statute or regulation that required him—under "legal compulsion"—to make the complained-of statements. *See* Restatement (Second) of Torts § 592A, cmt. b (Section 592A "will apply whenever the one who publishes the defamatory matter acts under legal compulsion to do so"). Defendant asserts that the JFL Hospital bylaws are "legal mandates" and cites to 19 V.I.C. § 245(e). (Dkt. No. 6 at 4-5). However, while Section 245(e) requires that the hospital "have in place rules and regulations pertaining to the proper administration of . . . a system of personnel administration," 19 V.I.C. § 245(e)(1), (3), the bylaws themselves are not codified in statute or regulation. Defendant also provides no support for the contention that the AMA Code of Ethics imposes a legal duty on him to report misconduct to supervising authorities or potential

6

employers.[1] To the extent that Defendant was obligated to make the allegedly defamatory statements as a consequence of his employment position, such a duty may give rise to a conditional privilege, but does not give rise to an absolute privilege. *See Hale v. City of Billings*, 986 P.2d 413, 421-22 (Mont. 1999) (applying Section 592A and holding that "the discharge of an official duty, one which requires a statutory mandate from the legislature, confers an absolute privilege", but that "an 'official duty' of a corporate officer [which] could result in a defamatory publication regarding an employee . . . would be conditional, because the party would not be violating [a] statutory mandate by failing to publish the statement, but publication nevertheless could be an 'official' requisite of the person's employment").[2]

In sum, the Court concludes that Defendant has not shown that any responsibility he had to make the challenged statements constitutes a statutory or other "legal" obligation so as to confer an absolute privilege under Section 592A. Accordingly, the Court rejects the doctrine of absolute privilege as a valid basis for dismissal of this action.

---

[1] Defendant's reliance on the JFL Hospital bylaws and the AMA Code of Ethics arguably converts Defendant's Motion to Dismiss to a motion for summary judgment. *See Buck*, 452 F.3d at 260; *In re Penn Central Securities Litig.*, 367 F. Supp. 1158, 1177 (E.D. Pa. 1973) (relying on corporate bylaws converted motion to dismiss to motion for summary judgment). In any event, the Court need not address this issue further in view of its ruling on Defendant's Motion.

[2] Defendant also relies on some Pennsylvania cases in which courts have concluded that an absolute privilege exists for employers in certain situations. (*See* Dkt. No. 6 at 7-8) (citing *Momah v. Albert Einstein Medical Ctr.*, 978 F. Supp. 621 (E.D. Pa. 1997); *Sobel v. Wingard*, 531 A.2d 520 (Pa. Super. Ct. 1987); *DeLuca v. Reader*, 323 A.2d 309 (Pa. Super. Ct. 1974)). The absolute privilege found to exist in those cases appears to be grounded in certain public policy considerations that are deemed in Pennsylvania to be furthered by the existence of such a privilege. *See DeLuca*, 323 A.2d at 313 ("In express furtherance of [the] policy of private resolution of disputes between employers and employees and unions, the courts have held such remarks [between these parties] are absolutely privileged."). None of the Pennsylvania cases cite to, or purport to apply, the "required by law" provision of Section 592A. Therefore, the Court does not find these cases apt here.

3.     **Specificity of Paragraph Seventeen**

Defendant argues that paragraph seventeen of the Complaint lacks sufficient specificity to state a claim for defamation. (Dkt. No. 6 at 11). The Court agrees, and will dismiss the claim asserted in paragraph seventeen, without prejudice.

The Court begins with the principle that "it is settled law in the Virgin Islands that no heightened pleading standard applies to a claim of defamation." *Illaraza v. Hovensa LLC*, 2010 WL 2342424, at *3 n.6 (D.V.I. June 7, 2010) (citing *James v. Morgan*, 2008 WL 5211408, at *3 (D.V.I. App. Div. Nov. 5, 2008) (stating that a heightened pleading requirement for a defamation claim would conflict with Rule 8(a)'s simplified pleading standard)). However, in order to survive a motion to dismiss, a plaintiff's complaint must provide "some details about the asserted defamatory statements, including the names of the publisher and the person or persons to whom it was published, dates when the statements were made and the specific content of the defamatory statements." *Bethea v. Merchants Commercial Bank*, 2012 WL 3550781, at *1 (D.V.I. Aug. 15, 2012) (quoting *Illaraza*, 2010 WL 2342424, at *3).

For example, in *Illaraza*, the Court dismissed without prejudice a plaintiff's claim for defamation where the plaintiff "set forth only vague allegations regarding who made the statement"—implicating any number of employees at a company without naming a specific person—and failed to state "to whom this information was allegedly published, . . . when the statements were allegedly made," and "the form in which these statements were made." 2010 WL 2342424, at *4. In *Smith v. Virgin Islands Port Authority*, the Court found insufficient the allegations that "Defendants committed defamation per se by making false statements that my illness was not serious, which implied that I was lying about my medical condition. As a result, rumors circulated that I was faking my illness." 2010 WL 1381222, at *16 (D.V.I. Mar. 31, 2010). The Court explained that the plaintiff had failed to indicate "when, where, or how the

8

alleged statements were made," or "the specific content . . . of any comment which could constitute defamation per se." *Id.* at *16-17. The Court has also found infirm a defamation claim where the plaintiff alleged that the defendant criticized him in front of a Board of Directors but "fail[ed] to identify the specific content of the statements made by [defendants] to the Board of Directors and the dates when the allegedly defamatory statements were made." *Bethea v. Merchants Commercial Bank*, 2011 WL 4861873, at *1, 9 (D.V.I. Oct. 13, 2011). In contrast, the Court found sufficient pleadings that "specifically identified allegedly false and defamatory statements which [defendants] made about [plaintiff's] trustworthiness, moral character, and business sagacity" and specified that the statements were made to a local news reporter. *James*, 2008 WL 5211408, at *3.

Here, Plaintiff alleges in paragraph seventeen of the Complaint that "Defendant also made false representations to the head of anesthesiology in St. Thomas to prevent Plaintiff from transferring to the St. Thomas hospital." (Dkt. No. 1 at ¶ 17). This allegation is insufficient in that it does not specify the form in which the allegedly false representations were made, when they were made, or the specific content of the alleged misrepresentations. Mindful that "[c]onclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition," *Illaraza*, 2010 WL 2342424, at *4, the Court finds that Plaintiff has failed to sufficiently plead a claim of defamation in paragraph seventeen. *See id.* at *3 (citing *Smith*, 2010 WL 1381222, at *16; *Ali v. Intertek Testing Servs. Caleb Brett*, 332 F. Supp. 2d 827 (D.V.I. 2004)). Accordingly, the Court will dismiss, without prejudice, the defamation claim asserted in paragraph seventeen of the Complaint.

**B.     Motion to Strike**

    **1.     Applicable Legal Standards**

To prevail on a Motion to Strike, a movant bears the burden of showing that: (1) the material he seeks to have stricken is "redundant, immaterial, impertinent, or scandalous" and (2) he will suffer prejudice absent the striking of the material in question. Fed. R. Civ. P. 12(f); *see Charleswell v. Chase Manhattan Bank, N.A.*, 2009 WL 4981730, at *2 (D.V.I. Dec. 8, 2009) ("[M]otions to strike . . . will generally be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.") (quotation and citation omitted). A court has "considerable discretion" in deciding a Rule 12(f) motion, and such motions are usually viewed with disfavor. *Carter v. Newman*, 2015 WL 858876, at *1 (D.N.J. Feb. 27, 2015). Striking a portion of a pleading "is a drastic remedy to be resorted to only when required for the purposes of justice." *Griswold v. Coventry First LLC*, 2015 WL 710365, at *7 (E.D. Pa. Feb. 18, 2015) (quoting *DeLa Cruz v. Piccari Press*, 521 F. Supp. 2d 424, 428 (E.D. Pa. 2007)).

The content of information is deemed "immaterial" when "it has no essential or important relationship to the claim." *Griswold*, 2015 WL 710365, at *7. "Scandalous matter does not merely offend someone's sensibilities; it must improperly cast a person or entity in a cruelly derogatory light." *Matos v. Nextran, Inc.*, 2009 WL 2477516, at *2 (D.V.I. Aug. 10, 2009) (quoting *Flanagan v. Wyndham Int'l, Inc.*, 2003 WL 23198798, at *2 (D.V.I. Apr. 21, 2003)). In addition, "even where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party." *Newborn Bros. Co. v. Albion Engineering Co.*, 299 F.R.D. 90, 94 (D.N.J. 2014).

### 2. Analysis

Defendant seeks to strike Plaintiff's allegation that he engaged in an extramarital affair with another employee at JFL Hospital as scandalous and irrelevant. (Dkt. No. 6 at 10-11).

An allegation of an extramarital affair may be stricken by courts under Rule 12(f) when it includes a non-party to the litigation and is irrelevant to a plaintiff's claim. *See, e.g.*, *Cruz v. Oxford Health Plants, Inc.*, 2004 WL 2609528, at *2 (S.D.N.Y. Nov. 17, 2004) (striking as scandalous pleading relating to a consensual affair between plaintiff's supervisor and a third-party because the affair post-dated plaintiff's termination and thus had no relevance to his hostile work environment claim); *Williams v. Bd. of Trs. of Frederick Cmty. College*, 2004 WL 45517, at *8 (D. Md. Jan. 8, 2004) (alleged consensual sexual relationship between defendant and plaintiff's coworker struck as scandalous and immaterial to plaintiff's Title VII claims against defendant because it was "of little or no relevance" to plaintiff's allegation of defendant's malice toward her and had "potential for unfair prejudice and embarrassment, particularly to a non-party").

However, where an allegation of an extramarital affair is relevant to the plaintiff's claims or requests for relief, such an allegation should not be stricken, even if it is potentially embarrassing to a third party. *See, e.g.*, *Mishra v. Tandon*, 2013 WL 887681, at *4 (N.D. Ill. Mar. 8, 2013) (request to strike mentions of affair as scandalous denied where "none of [the allegations] were explicit in and of themselves" and they potentially provided plaintiff with evidence of malice in support of his request for punitive damages); *Whitney Nat. Bank v. Boylston*, 2009 WL 1806655, at *4 (W.D. La. June 24, 2009) (finding that allegations of sexual relationship between defendant and third party, "[a]lthough potentially embarrassing," were not scandalous and were "necessary and relevant to [plaintiff's] allegations of fraud and conspiracy to commit fraud").

11

Here, as part of Plaintiff's defamation claim, he must prove the essential element of "fault." *Joseph*, 2012 WL 5419155, at *7. A plaintiff alleging defamation may establish this element by showing that the publisher: (1) knew that the statement was false and that it defamed the other; (2) acted in reckless disregard of the falsity or defamatory character of the communication; or (3) acted negligently in failing to ascertain whether the statement was false or defamatory. *See* Restatement (Second) of Torts § 580B. Therefore, allegations regarding Defendant's motive—which may relate to the issue of "fault"—are relevant to Plaintiff's defamation claim. The Court agrees with Plaintiff that the allegation of an extramarital affair is potentially relevant to the issue of Defendant's motive. (*See* Dkt. No. 22 at 15) ("This allegation amplifies Plaintiff's contentions that Defendant's actions against Plaintiff were retaliatory in nature and supports Plaintiff's belief that Defendant's actions against Plaintiff were as a result of a personal vendetta against Plaintiff.").

In view of the foregoing, the Court will not strike the allegation of an extramarital affair in paragraph eight of the Complaint.

### III. CONCLUSION

For the reasons set forth above, the Court will grant in part and deny in part Defendant's Motion to Dismiss and Strike. An appropriate Order accompanies this Memorandum Opinion.

Date: April 9, 2015 _____/s/_____
WILMA A. LEWIS
Chief Judge